# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3564

———————

United States of America,     *
    *
    Plaintiff - Appellee,     *
    *    Appeal from the United States
    v.     *    District Court for the
    *    Western District of Missouri.
David McElroy,     *
    *    [UNPUBLISHED]
    Defendant - Appellant.     *

———————

Submitted: April 11, 2005
Filed: April 18, 2005

———————

Before MURPHY, BRIGHT, and MELLOY.

———————

PER CURIAM.

David McElroy pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At sentencing McElroy objected to the finding of the district court[1] that his prior convictions for incest and sodomy were violent felonies within the meaning of 18 U.S.C. § 924(e), but he did not contest the fact that he had been convicted of these crimes. He was sentenced to the mandatory minimum of 180 months provided in § 924(e) because he had three previous convictions for a violent felony or serious drug offense, and he does not

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

contest that his prior convictions for first degree attempted burglary and production of a controlled substance qualified.

McElroy argues that the district court erred by finding that his prior state court convictions for sodomy and incest were violent felonies instead of submitting the question to a jury to be decided beyond a reasonable doubt, citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). He contends that <u>Blakely</u> and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), have undermined the validity of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). The government responds that McElroy does not contest the fact and validity of his state court convictions and that whether an offense is a violent felony is a question of law and does not require a jury trial.

In <u>Almendarez-Torres</u>, the Supreme Court held that a prior felony conviction is a sentencing factor for the court rather than a fact issue for the jury. That principle has been reaffirmed most recently in <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005). <u>See also</u> <u>Blakely</u>, 124 S. Ct. at  2536; <u>Apprendi</u>, 530 U.S. at 490. The Supreme Court has not reconsidered its decision in <u>Almendarez-Torres</u>, <u>see</u> <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring), and it remains binding on this court. We conclude that the district court did not err by applying the mandatory minimum sentence based on McElroy's prior state convictions for incest and sodomy.

We accordingly affirm the judgment of the district court.

_____